UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 06-15556
                                                              Hon. Sean F. Cox

SHIRLEY RAMSEY,

    Defendant.
_____

## ORDER

This matter is before the Court on Plaintiff's Motion for summary judgment. A hearing was held on November 15, 2007. For the following reasons, the Court **GRANTS** Plaintiff's Motion for summary judgment, Plaintiff shall submit a proposed judgment.

### I. BACKGROUND

On December 13, 1989, Defendant, Shirley Ramsey signed a promissory note to borrow $6,241.00 for educational purposes. The annual interest rate on the loan was 9%. Interest accrues at a rate of $2.04 per day. The loan was ultimately insured by the United States Department of Education.

Defendant defaulted on the student loan on September 23, 1992. The loan was assigned to the Department of Education on March 17, 1994. Defendant has failed to make any payments on the loan. As of August 13, 2007, Defendant owed $18,739.27.

On December 14, 2006, Plaintiff filed a Complaint alleging breach of the promissory note and seeking judgment. Defendant filed an Answer on February 20, 2007. On August 13,

2007, Plaintiff filed the instant Motion for summary judgment. Shortly before the hearing, Defendant re-filed her Answer as her response.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. ANALYSIS

"The Government can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec. of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003)(citing *United States v. Davis*, 28 Fed.Appx. 502, 503 (6th Cir. 2002). In this case, the Government submitted a promissory note signed by Defendant. [Motion, Exhibit 1]. The Government also submitted a Certificate of Indebtedness, averring that Defendant has defaulted, signed by a loan analyst under penalty of perjury. [Motion, Exhibit 2].

Defendant's "response" does not offer any evidence to the contrary. Further, at the hearing Defendant admitted that she believes she does owe the debt. Accordingly, Plaintiff's Motion is granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for summary judgment, Plaintiff shall submit a proposed judgment.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: November 27, 2007**

**I hereby certify that on November 27, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and upon Shirley Ramsey via ordinary mail at the address below:**

**Shirley Ramsey**
**17503 Evergreen**
**Detroit, MI 48219-3420**

**S/J. Hernandez**
**Case Manager**